## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE CHAPMAN, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | **CLASS ACTION COMPLAINT** |
| vs. | ) ) | **JURY TRIAL DEMAND** |
| DISCOVER FINANCIAL SERVICES (INC.), | ) ) ) ) | |
| Defendant. | ) ) | |

Terrence Chapman, on behalf of himself and others similarly situated ("Plaintiff"), by and through the undersigned counsel, files this Complaint against Discover Financial Services (Inc.) ("Defendant"), and states as follows:

### NATURE OF THE ACTION

1.      This is a putative class action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §1693, *et seq.* and Regulation E, 12 C.F.R. §1005.10(b), promulgated by the Bureau of Consumer Financial Protection ("Regulation E").  The EFTA establishes the basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer services and of financial institutions that offer those services.  The primary objective of the EFTA is the protection of individual consumers engaging in electronic fund transfers. Regulation E is the implementing regulation for the EFTA.

2.      Defendant has engaged in a business practice that violates the EFTA and Regulation E with regard to Plaintiff and, upon information and belief, routinely does so with regard to other consumers.  Specifically, Defendant has made preauthorized electronic fund transfers from Plaintiff's bank account without obtaining the requisite written authorization from

1

Plaintiff and without providing a copy of such authorization to Plaintiff, in violation of 15 U.S.C. §1693(e)(a) and Regulation E.

3.      As a result of Defendant's violations of the EFTA and Regulation E, and pursuant to 15 U.S.C. §1693m, Plaintiff brings this case and seeks damages for himself as well as a putative class of similarly situated consumers.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

5.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b)(2) where Defendant has its principal place of business, and transacts substantial business, in this State and in this District.

## PARTIES

6.      Plaintiff is a natural person who at all relevant times resided in Schertz, Texas. As a natural person, Plaintiff is a "consumer" as defined by 15 U.S.C. §1693a.

7.      Defendant is a direct banking and payment services company. Defendant offers credit cards, student loans, personal loans and deposit products through its Discover Bank subsidiary and home loans through its Discover Home Loans, Inc. subsidiary.

8.      Defendant is headquartered in Riverwoods, Illinois.  It can be served through its registered agent, CT Corporation System, at 208 So. Lasalle Street, Suite 814, Chicago, Illinois 60604.

## FACTUAL ALLEGATIONS

9.      At all times relevant, Plaintiff had a checking account with Randolph Brooks Federal Credit Union (the "Randolph Account").

2

10.     The Randolph Account was established primarily for personal, family, or household purposes, and thus, is an "account" as defined by 15 U.S.C. §1693a(2).

11.     At all relevant times, Plaintiff is alleged to have had a credit card account with Defendant with an account number ending in 2233.

12.     In approximately late September or early October 2014, Plaintiff received a telephone call from Defendant advising him that he was behind on his payments on the credit card account with Defendant.

13.     Defendant suggested that Plaintiff enter into a payment arrangement with Defendant in order to make payments on the credit card account. Defendant advised Plaintiff that it could accept checks or that Plaintiff could make recurring payments from his bank account by debit.

14.     The parties ultimately agreed over the phone that Defendant would initiate recurring monthly debits from the Randolph Account in the amount of $152—following an initial payment of $276 (the "EFT Agreement").

15.     Defendant did not obtain from Plaintiff written authorization for the EFT Agreement or any debits from the Randolph Account—Plaintiff has not authorized, *in writing*, any preauthorized electronic fund transfers from the Randolph Account.

16.     Defendant did not provide Plaintiff with a copy of any document which Plaintiff signed authorizing the EFT Agreement or any debits from the Randolph Account.

17.     On October 2, 2014, Defendant debited $276 from the Randolph Account.

18.     On November 3, 2014, Defendant debited $152 from the Randolph Account.

19.     On December 2, 2014, Defendant debited $152 from the Randolph Account.

20.     On January 5, 2015, Defendant debited $152 from the Randolph Account.

21.     On January 19, 2015, Plaintiff went online and deleted all information related to the Randolph Account from his online credit card account profile with Defendant so that Defendant would stop debiting money from the Randolph Account.

22.     Thereafter, Plaintiff called Defendant to confirm that it would no longer be debiting the Randolph Account.

23.     Following the call, Plaintiff received an email confirmation from Defendant that the Randolph Account was deleted from the online credit card account with Defendant and that any pending online payments from the Randolph Account to Defendant would also be deleted.

24.     However, on February 3, 2015, Defendant again debited $152 from the Account.

25.     When Plaintiff learned of the February 3, 2015 debit, Plaintiff called his bank and advised his bank that the debit was not authorized.  As a result, Plaintiff's bank reversed the debit.

26.     Sometime thereafter, Plaintiff noticed a second $152 debit pending to Discover on the Randolph Account.

27.     As a result, Plaintiff was again forced to call his bank and advise the bank that the pending debit was not authorized.  Plaintiff's bank then canceled the pending debit.

28.     Upon information and belief, Defendant has debited the accounts of numerous other consumers throughout the United States, on regularly scheduled intervals, without written authorization and without providing a copy of such authorization to those consumers.

29.     Upon information and belief, Defendant continues to engage in the practice of debiting consumer accounts without written authorization and without providing a copy of such authorization to consumers.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of himself and a class of similarly situated individuals as defined below:

> All persons in the United States who, within one year before the date of this complaint, entered into an agreement with Discover Financial Services (Inc.) that allowed Discover Financial Services (Inc.) to electronically transfer funds from the person's account on a recurring basis where (1) the fund transfers were not authorized by a writing signed or similarly authenticated by the person, and/or (2) Defendant did not provide to the person a copy of any document which the person signed authorizing the preauthorized electronic fund transfers.

(the "Class").  Excluded from the Class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

31.     Upon information and belief, the proposed Class is so numerous that joinder of all members is impracticable.  The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.  Upon information and belief, the proposed Class is ascertainable in that the names and addresses of all members of the Class can be identified in business records maintained by Defendant.

32.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and all Class members' claims originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the class.

33.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is

5

impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation likely make it difficult for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

35.     If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. As well, the pursuit of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests. The pursuit of separate actions by individual class members would also create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

36.     Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that, upon information and belief, Defendant has acted on grounds generally applicable to the Class. Among the issues of law and fact common to the Class are:

a.   Defendant's violations of the EFTA and Regulation E, as alleged herein;

b.   the existence of Defendant's identical conduct particular to the matters at issue;

c.   the availability of declaratory relief;

d.   the availability of statutory penalties; and

e.   the availability of attorneys' fees and costs.

37.     Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

6

**COUNT I: VIOLATION OF 15 U.S.C. §1693e(a) OF THE EFTA AND REGULATION E**

38.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37.

39.     The debits from the Account were each a "preauthorized electronic fund transfer" as defined by 15 U.S.C. §1693a(10) and 12 C.F.R. §1005.3(b).

40.     15 U.S.C. § 1693e(a) provides, in pertinent part:

*A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made* ….

41.     12 C.F.R. § 1005.10(b) provides, in pertinent part:

Written authorization for preauthorized transfers from consumer's account. *Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer*.

42.     The Official Staff Interpretations to the EFTA, at 12 C.F.R. Pt. 1005.10(b), Supp. I, provide, in pertinent part:

2.   Authorization obtained by third party. The account-holding financial institution does not violate the regulation when a third-party payee fails to obtain the authorization in writing or fails to give a copy to the consumer; *rather, it is the third-party payee that is in violation of the regulation.*

3.   Written authorization for preauthorized transfers. *The requirement that preauthorized EFTs be authorized by the consumer "only by a writing" cannot be met by a payee's signing a written authorization on the consumer's behalf with only an oral authorization from the consumer.*

43.     Through Regulation E, 12 C.F.R. 1005.3(a), the requirements of 12 C.F.R. §1005.10(b) "appl[y] to any person," other than certain persons not applicable here.

44.     Defendant violated 15 U.S.C. §1693e(a) and Regulation E by electronically transferring funds from the account of Plaintiff without written authorization and without providing a copy of such authorization to Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

 a. Adjudging and declaring that Defendant violated 15 U.S.C. §1693e(a), and Regulation E with respect to Plaintiff and the class and enjoining Defendant from further violations of 15 U.S.C. §1693e(a) and Regulation E;

 b. Awarding Plaintiff and the class actual damages pursuant to 15 U.S.C. §1693m(a)(1);

 c. Awarding Plaintiff and the class statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

 d. Awarding Plaintiff and the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1693m(a)(3); and

 e. Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:  June 11, 2015      Respectfully submitted,


*/s/ Aaron D. Radbil*
_____

Aaron D. Radbil
Illinois Bar No. 6290515
Greenwald Davidson Radbil PLLC
106 E. 6th Street, Suite 913
Austin, TX 78701
Telephone: 512.322.3912
Fax: 561.961.5684
aradbil@gdrlawfirm.com

Counsel for Plaintiff and the putative class